Exhibit "A"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION
Case No. 8:26-cv-851

JOSHUA BATTLES,

      Plaintiff,

v.

GAINESVILLE AUTOMOTIVE
MANAGEMENT, LLC
d/b/a GAINESVILLE BUICK GMC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA BATTLES ("Plaintiff" or "Mr. Battles"), by and through undersigned counsel, sues Defendant GAINESVILLE AUTOMOTIVE MANAGEMENT, LLC d/b/a GAINESVILLE BUICK GMC ("Defendant" or "Gainesville Buick GMC" or the "Dealership"), and alleges as follows:

### BACKGROUND

1. This is an action for damages arising from Defendant's unlawful obtaining and/or use of Plaintiff's consumer report without a permissible purpose, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Congress enacted the FCRA to ensure fairness, accuracy, and the privacy of personal information assembled and disseminated by consumer reporting agencies. The FCRA strictly limits the circumstances under which a person may obtain or use a consumer report.

3. Defendant accessed and/or caused to be accessed Plaintiff's consumer report in connection with two separate fraudulent vehicle transactions that Plaintiff did not initiate,

authorize, or consent to. Defendant's conduct was willful and/or negligent, entitling Plaintiff to statutory damages, punitive damages, actual damages, attorney's fees, and costs.

## JURISDICTION, VENUE & PARTIES

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because this action arises under federal law.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business in Florida and a substantial portion of the events giving rise to this claim occurred within this District.

6.      Defendant is subject to personal jurisdiction in Florida because it operates as a Florida limited liability company and conducts continuous and systematic business activities within the State.

7.      Plaintiff is a natural person residing in Florida.

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      Defendant Gainesville Automotive Management, LLC is a Florida limited liability company doing business as Gainesville Buick GMC.

10.     Defendant is a "person" within the meaning of 15 U.S.C. § 1681a(b).

11.     At all relevant times, Defendant was a user of consumer report information governed by the FCRA.

12.     Defendant acted by and through its agents, employees, sales representatives, finance personnel, and managers acting within the course and scope of their employment.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.     On or about August 24, 2022, an individual named Elija or Elijah Decoursey ("Decoursey") fraudulently used Plaintiff's personal identifying information without Plaintiff's

knowledge or consent to purchase a 2020 BMW 3 Series.

14.    Decoursey forged Plaintiff's signature on documents related to the BMW transaction.

15.    Plaintiff did not authorize Decoursey to use his identity for the BMW purchase.

16.    Plaintiff did not appear at Defendant's dealership in connection with the BMW transaction.

17.    Plaintiff did not sign any credit application, buyer's order, or retail installment contract for the BMW transaction.

18.    In order to process and facilitate financing for the BMW transaction, it is standard dealership practice to obtain or cause to be obtained a consumer report.

19.    Upon information and belief, Defendant obtained and/or caused to be obtained Plaintiff's consumer report in connection with the 2020 BMW 3 Series transaction.

20.    Plaintiff did not apply for credit with Defendant in connection with the BMW transaction.

21.    Plaintiff did not provide written or oral authorization for Defendant to obtain his consumer report in connection with the BMW transaction.

22.    Defendant therefore lacked a permissible purpose under 15 U.S.C. § 1681b(a) to access Plaintiff's consumer report in connection with the 2020 BMW 3 Series.

23.    On or about August 25, 2022, Decoursey again fraudulently used Plaintiff's personal identifying information without Plaintiff's knowledge or consent to purchase a 2019 GMC Sierra.

24.    Decoursey forged Plaintiff's signature on documents associated with the GMC Sierra transaction.

25.    Plaintiff did not authorize the use of his identity in connection with the GMC Sierra purchase.

26.    Plaintiff did not initiate any credit transaction with Defendant for the GMC Sierra.

27.    Plaintiff did not consent to any credit inquiry related to the GMC Sierra transaction.

28.    The GMC Sierra transaction resulted in financing being approved and a retail installment sale contract being assigned to AmeriCredit Financial Services, Inc. d/b/a GM Financial.

29.    In order to originate and assign such financing, Defendant necessarily obtained and/or caused to be obtained Plaintiff's consumer report for evaluation and submission to lenders.

30.    Plaintiff did not authorize any such credit pull.

31.    Defendant therefore lacked a permissible purpose under 15 U.S.C. § 1681b(a) to obtain Plaintiff's consumer report in connection with the 2019 GMC Sierra transaction.

32.    After discovering the identity theft, Plaintiff filed a police report with the Gainesville Police Department on or about June 16, 2023.

33.    The fraudulent account associated with the GMC Sierra was reported to consumer reporting agencies and ultimately charged off.

34.    The fraudulent transactions caused substantial harm to Plaintiff's credit profile.

35.    Plaintiff undertook repeated efforts to dispute the fraudulent account and mitigate the damage caused by the unauthorized transactions.

36.    Plaintiff suffered loss of credit opportunities.

37.    Plaintiff suffered damage to his credit standing.

38.    Plaintiff incurred time and expense addressing the identity theft.

39.    Plaintiff suffered significant emotional distress, anxiety, frustration, and

aggravation.

40. Plaintiff also suffered the statutory injury recognized by Congress through the FCRA, namely the unauthorized access and use of his consumer report information.

## COUNT I
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b(f) and 1681n
### (2020 BMW 3 SERIES)

41. Plaintiff re-alleges paragraphs 1-40 above as if fully set forth herein.

42. The FCRA prohibits any person from obtaining or using a consumer report unless the report is obtained for a permissible purpose authorized by 15 U.S.C. § 1681b.

43. Defendant obtained and/or caused to be obtained Plaintiff's consumer report in connection with the 2020 BMW 3 Series transaction.

44. Plaintiff did not initiate the BMW transaction.

45. Plaintiff did not apply for credit in connection with the BMW transaction.

46. Plaintiff did not authorize Defendant to obtain his consumer report for the BMW transaction.

47. Defendant lacked a permissible purpose under 15 U.S.C. § 1681b(a).

48. Defendant's conduct was willful because it knowingly or recklessly failed to ensure that a lawful credit application had been initiated by Plaintiff before accessing his consumer report.

49. Defendant failed to implement and follow reasonable identity verification and authorization safeguards prior to obtaining Plaintiff's report.

50. As a direct and proximate result of Defendant's willful conduct relating to the 2020 BMW 3 Series, Plaintiff suffered damages.

51. Pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to statutory damages, punitive damages, and attorney's fees and costs.

## COUNT II
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b(f) and 1681o
### (2020 BMW 3 SERIES)

52.    Plaintiff re-alleges paragraphs 1-40 above as if fully set forth herein.

53.    Defendant owed Plaintiff a duty under the FCRA not to obtain a consumer report without a permissible purpose.

54.    Defendant breached that duty by obtaining and/or causing to be obtained Plaintiff's consumer report in connection with the 2020 BMW 3 Series transaction without authorization.

55.    At a minimum, Defendant acted negligently by failing to exercise reasonable care to confirm that Plaintiff had initiated or authorized the credit transaction before accessing his report.

56.    As a direct and proximate result of Defendant's negligent conduct relating to the BMW transaction, Plaintiff suffered actual damages.

57.    Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to actual damages and attorney's fees and costs.

## COUNT III
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b(f) and 1681n
### (2019 GMC SIERRA)

58.    Plaintiff re-alleges paragraphs 1-40 above as if fully set forth herein.

59.    Defendant obtained and/or caused to be obtained Plaintiff's consumer report in connection with the 2019 GMC Sierra transaction.

60.    Plaintiff did not initiate the GMC Sierra transaction.

61.    Plaintiff did not apply for credit in connection with the GMC Sierra transaction.

62.    Plaintiff did not authorize Defendant to obtain his consumer report for the GMC Sierra transaction.

63. Defendant lacked a permissible purpose under 15 U.S.C. § 1681b(a).

64. Defendant's conduct was willful because it knowingly or recklessly failed to confirm that Plaintiff had authorized the credit inquiry before accessing his consumer report and transmitting his personal identifying information for financing.

65. Defendant facilitated a transaction involving forged documents and identity theft without lawful authorization to pull credit.

66. As a direct and proximate result of Defendant's willful conduct relating to the 2019 GMC Sierra, Plaintiff suffered damages.

67. Pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to statutory damages, punitive damages, and attorney's fees and costs.

## COUNT IV
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b(f) and 1681o
### (2019 GMC SIERRA)

68. Plaintiff re-alleges paragraphs 1-40 above as if fully set forth herein.

69. Defendant owed Plaintiff statutory duties under the FCRA not to obtain or use a consumer report without a permissible purpose.

70. Defendant breached those duties by obtaining and/or causing to be obtained Plaintiff's consumer report in connection with the 2019 GMC Sierra transaction absent authorization.

71. At a minimum, Defendant acted negligently by failing to exercise reasonable care to verify Plaintiff's identity and authorization before accessing his report.

72. As a direct and proximate result of Defendant's negligent conduct relating to the GMC Sierra transaction, Plaintiff suffered actual damages.

73. Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to actual damages and attorney's

fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, award statutory damages, actual damages, punitive damages, costs of litigation, reasonable attorney's fees, pre-judgment and post-judgment interest, and grant such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 27, 2026                    Respectfully submitted,

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@Sueyourdealer.com
SUE YOUR DEALER – A LAW FIRM
4601 Sheridan St #205,
Hollywood, FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*